# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Valentine Lopez-Leyva,<br><br>          Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>          Respondents. | No.   CV-23-00950-PHX-DLR (JFM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 13) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied. The R&R advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 13 at 10.)

On January 26, 2024, Petitioner filed a "Motion To: Notify this Court that Petitioner Moves to Controvert the R&R and Move for Oral Objections" (Doc. 14), which the Court construes as objections to the R&R. Respondents filed their response to Petitioner's objections on February 1, 2024. (Doc. 15.)

The Court has considered Petitioner's objections and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The R&R correctly found that the Petition is untimely because it was filed more than a year after Petitioner's judgment became final. The statute of limitations for filing a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is one year. The R&R correctly determined that

1. Petitioner's judgment became final on November 12, 2014, upon expiration of his time to file a petition for review with the Arizona Court of Appeals in his of-right, first PCR proceeding. The statute of limitations commenced running thereafter and expired on November 12, 2015.

Petitioner's objection argues that the R&R applied the wrong statute when it found that the Petition was time-barred. The R&R reviewed the Petition and the applicable statute of limitations pursuant to 28 U.S.C. § 2254. The Petitioner argues that his "direct collateral review" petition is governed instead by 28 U.S.C. § 1257(a) and is therefore not controlled by the one-year habeas statute of limitation of the AEDPA.

Petitioner is mistaken. The statue he relies on, 28 U.S.C. § 1257(a), controls petitions for writs of certiorari to the United States Supreme Court from "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had[.]" That statute is irrelevant to this Petition. It does not control the statute of limitations for habeas matters.

Petitioner requests "oral objections." The Court construes this as a request for oral argument. The Court does not find that oral argument would be useful and therefore denies Petitioner's request.

**IT IS ORDERED** as follows:

1. Petitioner's objections to the R&R (Doc. 14) are **OVERRULED**.
2. The R&R (Doc.13) is **ACCEPTED**.
3. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.
4. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and Petitioner has not made a substantial showing of the denial of a constitutional right.

5. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and terminate this action.

Dated this 9th day of February, 2024.

Douglas L. Rayes
United States District Judge