**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Valentine Lopez-Leyva,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-23-00950-PHX-DLR<br><br>**ORDER** |

Before the Court is Petitioner Jose Valentine Lopez-Leyva's ("Petitioner") Petition to: Reconsider the Writ of Habeas Corpus under 28 U.S.C. § 1257(a) Instead of 28 U.S.C. § 2254. (Doc. 18.) The motion is fully briefed and for the reasons set forth herein is denied.

Petitioner's motion for reconsideration is the same argument he raised in his objection to the R&R—that 28 U.S.C. § 1257(a), rather than 28 U.S.C. § 2254, governs his federal habeas proceedings. (Doc. 14.) In overruling his previous objection, this Court explained:

> The statute [Lopez-Leyva] relies on, 28 U.S.C. § 1257(a), controls petitions for writs of certiorari to the United States Supreme Court from "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had[.]" That statute is irrelevant to this Petition. It does not control the statute of limitations for habeas matters.

(Doc. 16 at 2.)

Additionally, 28 U.S.C. § 1257(a) only applies to judgments "rendered by the highest court of a State." As previously explained, Petitioner failed to seek review by the

Arizona Supreme Court in any of his post-conviction proceedings. Thus, his convictions and sentences were not "rendered by the highest court" in Arizona, which provides another reason why § 1257(a) has no relevance to Petitioner's case. His citation to different legal authority in his pending motion does not alter the correctness of the Court's earlier decision.

So long as the Court retains jurisdiction, it may in its discretion reconsider its rulings. That discretion should ordinarily be exercised where the judge is convinced that the ruling was wrong and rescinding it would not cause undue harm to the parties. *See U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir.1995)). Thus, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Petitioner's motion does not offer newly discovered evidence. It also does not show that the Court committed clear error, that the previous decision was manifestly unjust, or that there was an intervening change in controlling law. Therefore,

**IT IS ORDERED** that Petitioner's Petition to: Reconsider the Writ of Habeas Corpus under 28 U.S.C. § 1257(a) Instead of 28 U.S.C. § 2254 (Doc. 18) is **DENIED**.

Dated this 11th day of March, 2024.

Douglas L. Rayes
United States District Judge